IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMEY MOREY o/b/o B.E.M.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 20-236-E |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW, this 12th day of July, 2022, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 26) filed in the above-captioned matter on October 18, 2021,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 22) filed in the above-captioned matter on August 16, 2021,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. §405(g) in light of this Order.

**I.    Background**

On October 19, 2017, an application for supplemental security income benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §1381, *et seq.,* was protectively filed by Plaintiff on behalf of B.E.M., a minor child. After being denied initially on March 16, 2018, a

---

[1] Plaintiff's surname name listed on the initial filing papers and the Complaint is "Morley." As such, Plaintiff is identified as "Morley" on the docket. According to the record in this case, however, the correct surname is "Morey" not "Morley." The Clerk of Courts is directed to make the change on the docket to reflect the correct spelling of the surname of Plaintiff as "Morey."

video hearing was held before an Administrative Law Judge ("ALJ") on September 23, 2019. (R. 41-65). At the hearing, Plaintiff waived his right to representation and proceeded *pro se*. (R. 42-43). On October 7, 2019, the ALJ issued a decision denying Plaintiff's request for benefits. (R. 18-34). The Appeals Council declined to the review the ALJ's decision on June 17, 2020. (R. 8-10). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.     Standard of Review

Judicial review of a social security case is based on the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. §405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (*quoting* 42 U.S.C. § 405(g))); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999) (*citing* § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

The substantial evidence standard is not particularly demanding. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("And whatever the meaning of 'substantial' in other contexts, the

threshold for such evidentiary sufficiency is not high."). It requires only such evidence as would satisfy a "reasonable mind." *Rutherford*, 399 F.3d at 552.

The Social Security Administration ("SSA") has promulgated regulations incorporating a three-step sequential evaluation process for determining whether an individual under the age of 18 is disabled as defined by the Act. *See* 20 C.F.R. § 416.924(a). At Step One, the ALJ must determine whether the child is currently engaging in substantial gainful activity. *See id.* at §§ 416.924(a), (b). If so, the disability claim will be denied. If not, Step Two of the process requires the Commissioner to determine whether the claimant is suffering from a severe impairment. In this context, a medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that cause no more than minimal functional limitations. *See id.* at § 416.924(c). If the child fails to show that his or her impairments or combination of impairments are "severe," he or she is ineligible for disability benefits. *Id.*

When a child does have a severe impairment, the Commissioner must proceed to Step Three and determine whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria for a listed impairment. *See id.* at § 416.924(a). "An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." *Id.* at § 416.924(d). In determining whether an impairment or combination of impairments functionally equals the listings, an ALJ must assess the child's functioning in six different domains.² *See id.* at § 416.926a(b)(1). In so doing, the ALJ

---

²     To functionally equal a listed impairment a claimant needs to show that his/her impairment or combination of impairments resulted in "marked" limitations in two of the following six domains or "extreme" limitations in one: 1) acquiring and using information; 2)

3

evaluates the whole child focusing on the child's activities and "how appropriately, effectively, and independently the child functions compared to children of the same age who do not have impairments." SSR 09-3p at *1. *See also* 20 C.F.R. §§ 416.926a(b) and (c). Activities considered include "everything a child does at home, at school, and in the community, 24 hours a day, 7 days a week." SSR 09-3p at *1.

If the claimant has an impairment or combination of impairments that meets, medically equals the severity of, or functionally equals the listings, and the impairment(s) has lasted or is expected to last for a continuous period of at least 12 months, he or she is presumed disabled. If the impairment(s) does not meet the duration requirement, or does not meet, medically equal, or functionally equal the listings, then the claimant is not disabled. *See id.*

### III. The ALJ's Decision

The ALJ found that B.E.M. was a preschooler on October 19, 2017, the date the application was filed, and was a school-age child by the time of the decision on October 7, 2019. (R. 21). The ALJ then proceeded to apply the sequential evaluation process when reviewing the claim for benefits. In particular, the ALJ found that B.E.M. had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 21). The ALJ also found that B.E.M. had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), generalized anxiety disorder, and chronic idiopathic thrombocytopenia ("ITP"). (*Id.*)

At Step Three, the ALJ concluded that B.E.M.'s impairments, singly or in combination, did not meet or medically equal any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 21-22). After assessing B.E.M.'s degree of limitation in each of the six functional

---

attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1); SSR 09-3p, 2009 WL 396025 (S.S.A.) at **1-2.

equivalence domains, the ALJ concluded that B.E.M.'s impairments did not functionally equal the severity of the listings. (R. 22). Specifically, the ALJ found that B.E.M. had: (i) less than marked limitation in acquiring and using information; (ii) less than marked limitation in attending and completing tasks; (iii) less than marked limitation in interacting and relating with others; (iv) no limitation in moving about and manipulating objects; (v) less than marked limitation in the ability to care for himself; and (vi) less than marked limitation in health and physical well-being. (R. 22–34). Thus, the ALJ found B.E.M. was not disabled after determining that he failed to demonstrate that his impairments resulted in either marked limitations in two domains of functioning or extreme limitations in one domain of functioning. (R. 34).

**IV.    Legal Analysis**

Plaintiff (who is now represented by counsel) argues that the ALJ erred by failing to fully develop the record by obtaining school records and an updated opinion regarding B.E.M.'s ADHD. (Doc. No. 23, pp. 8-14). Based on the same, Plaintiff asserts that remand is warranted. After a careful review of the record, this Court agrees.

In social security proceedings, ALJs are duty-bound "to develop a full and fair record." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) (*citing Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Smith v. Harris*, 644 F.2d 985, 989 (3d Cir. 1981)); *Carmichael v. Barnhart*, 104 Fed. Appx. 803, 805 (3d Cir. 2004). "Accordingly, an ALJ must secure relevant information" to make the necessary findings to decide a plaintiff's application for benefits under the Act. *Id.* (*citing Hess v. Sec'y of Health, Ed. & Welfare*, 497 F.2d 837, 841 (3d Cir. 1974)). This duty relates to the Act's "beneficent purposes." *Hess*, 497 F.2d at 840-41 (explaining that the purposes of the Act may require that an ALJ seek additional evidence, suggest to the claimant that additional evidence be submitted at a later time, or secure further medical

evaluations). *See also Sterrett v. Berryhill*, No. CV 17-63-E, 2018 WL 1400383, at *1 n.2 (W.D. Pa. Mar. 20, 2018) (explaining that the duty to develop the record usually arises when the record does not provide enough information to reach a decision).

An ALJ's duty in this regard is heightened when a claimant is unrepresented, as is the case here. *See Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003) ("An ALJ owes a duty to a *pro se* claimant to help him or her develop the administrative record."); *Dobrowolsky v. Califano,* 606 F.2d 403, 407 (3d Cir. 1979). Social Security disability determinations are not adversarial but, rather, are investigatory or inquisitorial. *See Butts v. Barnhart,* 388 F.3d 377, 386 (2004). To that end, "the ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts. Implicit within this 'heightened level of care' is an affirmative obligation to assist the claimant in developing a complete administrative record." *Howe v. Astrue*, No. 12-93, 2013 WL 593975, at *2 (W.D. Pa. Feb. 14, 2013) (citations omitted).

In this case, Plaintiff asserts that the ALJ should have obtained additional educational records. The Court is persuaded by this argument. The ALJ only had educational records from September 13, 2017 to January 12, 2018 – a four-month time period. (R. 184-197). Significantly, the ALJ did not secure B.E.M.'s educational records after January of 2018 despite the obvious relevance of school records from the remainder of that school year, the entire 2018-2019 school year, and all available records for the 2019-2020 school year. This is especially true given the fact that during this time B.E.M. transitioned from preschool to kindergarten, Plaintiff testified that B.E.M.'s behavior worsened, that his acting out increased and escalated to physical violence including kicking, spitting, pulling others' hair, punching a peer in the face, and that he missed school. (R. 54-55, 485). When inquiring as to whether B.E.M. has been evaluated for any kind of learning disabilities, Plaintiff responded by saying that he was not sure what the

school records show.  (R. 60).   Plaintiff also testified that B.E.M. has an IEP/behavior plan.  (R. 55).  Finally, the educational records the ALJ did have indicated the need for further intervention to address B.E.M.'s "high activity level, difficulty with transitions, social skills/interactions[,] aggressiveness, and sharing/cooperative play skills."  (R. 194).  While the ALJ had records from The Guidance Center (the group who provided psychiatric services to B.E.M.) through January of 2019, the school records were separate and a vital part of the assessment of B.E.M.'s disability claim.

The Court also notes that the ALJ discounted Plaintiff's testimony that he has to pick B.E.M. up from school all the time because "the record is devoid of evidence reflecting significant absenteeism."  (R. 24).  The ALJ cited to B.E.M.'s educational records to support this finding.  As noted above, however, the educational records in the file only included 4 months and were missing over a year and a half of school records.   Thus, the ALJ did not have the majority of the school records needed to make this assessment.  In other words, the ALJ made this assertion based on what he should have obtained, but was not part of the file.

ALJ "promised" Plaintiff that he would get any other records needed.  (R.62).  B.E.M.'s educational records were essential to making a determination.  As set forth above, when evaluating the whole child and focusing on the child's activities, the ALJ should consider everything, including how the child functions at school.  *See* SSR 09-3p; 20 C.F.R. § 416.926a.  Additionally, at least five of the six domains require an analysis of how the child acts at school.  *See* 20 C.F.R. § 416.926a.; SSR 09-3p.  Given Plaintiff's *pro se* status, the ALJ should have ensured the record was as complete as it could have been before making the determination as to whether Plaintiff is disabled under the Act.  Consequently, the ALJ's failure to adequately develop the record with respect to B.E.M.'s educational records requires remand.

Additionally, the Court finds troubling the fact the ALJ found the State Agency opinions of Drs. Anzalone and Daniel persuasive when they made their decisions in January and March of 2018, respectively.  The doctors did not have the opportunity to review any subsequent medical records or educational records.  Generally speaking, "there is always a time lapse between the consultant's report and the ALJ hearing and decision," *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2011), and the ALJ may rely on the same so long as the ALJ discusses subsequent evidence in relation to the same.  In this case, however, the ALJ was aware of, but did not obtain (and thus could not discuss), any of the subsequent educational records when considering the persuasiveness of opinion evidence, nor did he order a consultative examination.  This Court is not saying that the educational records will necessarily change the decision of the ALJ or that a consultative examination was required (that is a decision for the ALJ to make on remand); rather, the Court is saying that more complete educational records were essential to making the disability determination in this case.

The failure to obtain the vast majority of B.E.M.'s educational records prohibits this Court from conducting a proper and meaningful review.  Without more, this Court cannot find that the ALJ's opinion is based on substantial evidence.  Consequently, remand is warranted for further consideration on this issue.

**V.     Conclusion**

Accordingly, for the reasons stated herein, the Court remands this matter for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States Senior District Judge

ecf:     Counsel of Record